IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BENJAMIN LEE MARSHALL, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| SANDERSVILLE RAILROAD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW BENJAMIN LEE MARSHALL, SR., Plaintiff, and files this his Complaint against the Defendant SANDERSVILLE RAILROAD COMPANY, as follows:

1. Plaintiff Benjamin Lee Marshall, Sr. is and at all times herein mentioned has been a resident of Tennille, Washington County, Georgia.

2. Defendant Sandersville Railroad Company is a railroad corporation formulated and established under the laws of the State of Georgia, at all times being operated as a common carrier engaged in interstate commerce, which was doing business in Sandersville, Washington County, Georgia. Plaintiff Benjamin Lee Marshall, Sr. was at all times an employee of said railroad company and was at all times mentioned working within the course and scope of his employment with said railroad carrier in furtherance of interstate commerce.

3. Said Defendant Sandersville Railroad Company is subject to the jurisdiction of this Court.

4. This action is brought pursuant to the provisions of the Federal Employers' Liability Act ("FELA"), Title 45 U.S.C. § 51 et seq., and venue is proper in this Court pursuant

to 45 U.S.C. § 56 and other applicable provisions of law.

5. On or about Sunday, November 8, 2009, Plaintiff Benjamin L. Marshall, Sr. was in the employ of the Defendant as a Maintenance-of-Way-Section employee working on Defendant's rail line in Washington County, Georgia.

6. At said time and place, while performing his assigned duties, within the course and scope of his employment, Plaintiff sustained injuries and damages as hereinafter alleged when he and his supervisor were attempting to lift a large switch grinding machine, without the assistance of other workers or equipment, whereupon his supervisor dropped the supervisor's "end" of the heavy grinder, causing Plaintiff to injure his low back.

7. At all times material hereto, Plaintiff was in the process of attempting to lift the grinding machine at the direction of his supervisor, without the assistance of a tractor which was usually used to do so, and at the insistence of his supervisor.

8. Said supervisor directed the Plaintiff to assist him in lifting the heavy switch grinding machine, which Plaintiff contends was too heavy for safe movement by two persons.

9. As noted above, as Plaintiff was lifting his end of the machine, the supervisor dropped the other end of the machine causing Plaintiff to sustain an immediate injury and pain to his low back.

10. At the time and place described above, the Defendant, by its respective agents, officers, and/or employees was guilty of one or more of the following negligent acts or omissions which caused or contributed to Plaintiff's injuries and damages, which acts and omissions are set forth herein by way of illustration and not limitation:

 (a) In negligently failing to furnish Plaintiff with a safe place to work;

 (b) In negligently failing to provide adequate and safe equipment for the lifting of the heavy grinding machine, and instead, requiring same to be lifted manually,

utilizing only two workers, one of whom was the Plaintiff;

(c) In failing to provide adequate help, assistance, and employees to manually lift the machine if same was to be done without the use of a tractor;

(d) In negligently failing to warn Plaintiff, through the supervisor, that the supervisor intended or was about to drop his end of the machine;

(e) Defendant, by and through its supervisor and employee in negligently dropping the heavy end of the machine, causing all of the weight to be shifted to the Plaintiff, who was in the process of lifting his end of the machine as per direction of the supervisor;

(f) In allowing the supervisor to regularly work while under the influence of alcohol including on the day in question;

(g) In failing to provide reasonable, competent and safe supervision for the task in question;

(h) In failing to comply with various safety rules and regulations applicable to the lifting of heavy equipment as in the case at hand; and

(i) In other ways which will be established through the evidence at trial.

11. As a result of the aforementioned negligent acts and/or omissions of the Defendant as described above, Plaintiff Benjamin L. Marshall, Sr. suffered bodily injury and resulting physical and mental pain and suffering, disability, mental anguish, loss of capacity to work, interference with the tasks of daily living, medical expenses for his care and treatment, loss of earnings, loss of ability to work and labor, and/or aggravation of a previously quiescent condition, all of which losses are either permanent or continuing, and Plaintiff shows that he will likely suffer the said losses in the future.

WHEREFORE, Plaintiff Benjamin L. Marshall, Sr. demands trial by jury and judgment against the Defendant Sandersville Railroad Company, as follows:

(a) Compensatory, general and special damages, including physical and mental pain and suffering, past and future, medical expenses, past and future, loss of income, past and future

as established through the evidence at trial;

    (b)    Costs of the within action; and

    (c)    Such other and further relief as allowed by law.

Dated this 22nd day of October, 2012.

                                    **JONES, BOYKIN & ASSOCIATES, P.C.**

                            By:  /s/ Noble L. Boykin, Jr.
                                  NOBLE L. BOYKIN, JR.
                                  Georgia State Bar No. 073400

213 East 38th Street
Savannah, GA 31401
(912) 236-6161
jbsalaw@comcast.net

                                    **C. BRIAN JARRARD, LLC**

                            By:  /s/ C. Brian Jarrard
                                  C. BRIAN JARRARD
                                  Georgia State Bar No. 389497

230 Third Street
Macon, GA 31201
(478) 745-0111
brianjarrard@cox.net