IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BENJAMIN LEE MARSHALL, SR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:12-CV-425(MTT) |
| ) | |
| SANDERSVILLE RAILROAD COMPANY ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

Defendant Sandersville Railroad Company has moved for reconsideration of the Court's June 10, 2015 order denying its motion for partial summary judgment on the claim of Benjamin Lee Marshall, Sr. for an alleged violation of the Railroad Worker Protection Regulations at 49 C.F.R. § 214.301, *et seq.* (Doc. 50). The Defendant suggests that the Court's order addressed an argument based on common law negligence per se principles, an argument that the Defendant says it never made. The Defendant concedes that the common law's limitation on a Defendant's liability for negligence per se does not apply to FELA claims.

The Defendant's admittedly vague briefing, due in no small part to the Plaintiff's vague allegations of negligence per se, had little to say with regard to the legal basis for the Defendant's motion. At oral argument, however, it seemed to the Court that the Defendant was basing its argument on common law principles. In response to a question from the Court, counsel said the analysis was "similar" to the common law analysis. Counsel argued that various regulations could not apply to the Plaintiff's claim because he was not subjected to the harm that the regulations were intended to

alleviate.  The regulations, counsel argued, were only intended to cover activity associated with being hit by moving trains.  "So that's my point Your Honor is that the RWP regulation on job briefings has only to do with protection against getting hit by moving trains or equipment which again is not dispatch situation."

The Court appreciates the Defendant's clarifications.  Given the circumstances, however, the Court sees no reason to reconsider its order and the Defendant's motion is **DENIED.**  However, the Defendant's motion reminds the Court that the Plaintiff has been extremely vague about their precise theory of negligence per se.  Accordingly, the Court orders the Plaintiff to file within **14 days** a statement of the specific statutes or regulations the Plaintiff's contend the Defendant violated and to further state how the violations occurred.

**SO ORDERED,** this 29th day of June, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT
